

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-1024
Re: Is "National League for Perpet-
ual Democracy" an educational corpor-
ation under subdivision 2 of Article
1302?

Your request for an opinion which is stated in your letter as follows:

"Does the purpose of the application for charter of the 'National League for Perpetual Democracy' disclose this to be an educational corporation under subdivision 2 of Article 1302?"

has been received by this department.

The purpose clause of the applicants reads as follows:

"The purpose for which this corporation is formed is for benevolent, charitable and educational purposes, to wit: To secure unto ourselves and all posterity a perpetual democracy within these United States of America; to use every legal and educational means at our command to eliminate all anti-democracy organizations from the sphere of American politics; to do all within the power of the association, including the promulgating of constitutional amendments, to prevent and stop the dissemination of propaganda attacking our present system of government within the United States of America, other than our present democratic principles; to always support the idea of that form of government which is an organization of free people, endeavoring to live peacefully with one another, respecting the rights of all and striving to promote the general welfare, delegating the power to be governed only via the ballot box and retaining our government of the people, by the people, and for the people at all times."

It is clear that the paramount purpose, as stated, is political and that the educational purpose could not, in any event, be more than incidental.

A departmental construction of long standing has forbidden the issuance of charters similar to the one in question.

Such was the holding of an opinion by George G. Christian, reports of the Attorney General 1924-1926, page 222; and opinion of this department under former Attorney General C. M. Cureton on March 26, 1919; and opinion by Rice M. Tilley on March 18, 1930, in opinion-book No. 310 at page 768; and an opinion by this department to Hon. W. W. Heath on December 4, 1933, in opinion-book No. 352 at page 395.

We believe the last mentioned opinion particularly applicable to the application in hand.  In that instance the "Young Democratic Clubs of Texas" made application for a charter from the Secretary of State. Hon. A. R. Stout, then Assistant Attorney General of Texas, held that the stated purpose was not an educational purpose and the application was not such as was authorized by subdivision 2 of Article 1302 of our Revised Civil Statutes of Texas.

It is the opinion of this department that the purpose expressed in the application made to you is not an educational one and that it does not fall within subdivision 2 of Article 1302.  We believe the law to be correctly expressed in the opinions cited herein and therefore we concur in those opinions.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Morris Hodges
Morris Hodges, Assistant

APPROVED JUL 6, 1939
/s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

MH-MR:wb